IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ERIC GANT,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1455-K |
| | § | |
| **SOUTHERN METHODIST UNIVERSITY SCHOOL OF LAW, et al.,** | § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Order of Reference, entered March 1, 2006, this case has been referred to the United States Magistrate Judge for pretrial management. The following motions are before the Court: (1) Defendant University of Miami Law School's ("Miami") Motion to Dismiss for Lack of Personal Jurisdiction, filed October 21, 2005; (2) Defendant Harvard Law School's ("Harvard") Motion to Dismiss, filed October 24, 2005; and (3) Defendant Stanford Law School's ("Stanford") Motion to Dismiss, filed November 23, 2005. Plaintiff Eric Gant ("Plaintiff") did not file responses to these motions. For the reasons stated below, the Court recommends that the District Court **GRANT** the above motions to dismiss for lack of personal jurisdiction.

**BACKGROUND**

Plaintiff initiated this lawsuit on July 22, 2005, against Harvard, Miami, Stanford, Southern Methodist University School of Law, University of Houston Law Center, South Texas College of Law, and St. Mary's University School of Law (collectively "Defendants"). Plaintiff states the following causes of action against Defendants: (1) disparate impact racial discrimination in violation of Title VI of the Civil Rights Act of 1964 and 42 U.S.C. § 2000d; (2) disparate treatment racial discrimination in violation of Title VI of the Civil Rights Act of 1964 and 42 U.S.C. § 2000d; (3)

denial of equal protection pursuant to 42 U.S.C. § 1983; (4) breach of due process pursuant to 42 U.S.C. § 1983; (5) racial discrimination pursuant to 42 U.S.C. § 1983; and (6) civil conspiracy pursuant to 42 U.S.C. § 1983. All of Plaintiff's claims stem from Defendants denying Plaintiff admission into their respective law schools. Miami, Harvard, and Stanford have each moved to dismiss for lack of personal jurisdiction.

## STANDARD OF REVIEW

When the Court decides a motion to dismiss for lack of personal jurisdiction without first conducting an evidentiary hearing, the plaintiff only needs to establish "a *prima facie* showing of the facts on which jurisdiction is predicated." *Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002). The Court accepts as true the plaintiff's "uncontroverted allegations and resolve[s] in [his or her] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## DISCUSSION

The initial inquiry is whether state law allows the Court to exercise personal jurisdiction over Harvard, Miami, and Stanford. *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 652 (5th Cir. 2002) (explaining that "a federal court has personal jurisdiction over a nonresident defendant to the same extent that a state court in that forum has such jurisdiction"). The Texas long-arm

statute authorizes the exercise of personal jurisdiction to the full extent authorized by the Due Process Clause of the Fourteenth Amendment. TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (Vernon 1997); *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). Accordingly, the Court must determine to what extent the Fourteenth Amendment permits a state to exercise personal jurisdiction over a non-resident defendant.

Due process requires that the defendant has contacts with the forum state that indicate the "defendant has purposefully directed" his or her activities towards the state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003). Personal jurisdiction can either be general or specific, depending on the nature of the defendant's contacts. Specific jurisdiction is appropriate when the litigation arises out of the defendant's contacts with the forum state, and the defendant has "minimum contacts" with the state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Religious Tech. Ctr.*, 339 F.3d at 375. General jurisdiction is appropriate when the defendant's contacts with the forum state are unrelated to the litigation and are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984); *Religious Tech. Ctr.*, 339 F.3d at 374.

## I. Specific Jurisdiction

A court may exercise specific jurisdiction over a defendant when the litigation arises out of the defendant's contacts with the forum state, and the defendant has "minimum contacts" with the state. *World-Wide Volkswagen Corp.*, 444 U.S. at 291; *Religious Tech. Ctr.*, 339 F.3d at 375. The litigation must relate or arise out the activities directed at the forum. *Helicopteros*, 466 U.S. at 414. The benchmark of minimum contacts analysis is whether "the defendant's conduct and connection with the forum State are such that he [or she] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp.*, 444 U.S. at 297. Once the plaintiff has demonstrated that

3

the defendant had minimum contacts with the forum, the Court must then consider whether "the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *Burger King Corp.*, 471 U.S. at 476.

Harvard, Miami, and Stanford state that their contacts with Plaintiff were limited to written correspondence and emails. (*Harvard's Mot.* at 6; *Miami's Mot.* at 5; *Stanford's Mot.* at 5.) Plaintiff's complaint also indicates that his only contact with these law schools was via email or written correspondence, and his complaint does not allege that these law schools recruited him in any manner. (*See Pl.'s Compl.* at 12-14.)

In *Khalil v. Chatham College*, 391 F. Supp. 2d 588 (S.D. Tex. 2005), the United States District Court for the Southern District of Texas addressed whether the court could exercise specific jurisdiction over a Pennsylvania college based upon its correspondence and emails with the plaintiff. *Id.* at 593-94. The plaintiff applied to the defendant college, was admitted, and had correspondence with faculty members. *Id.* The court held that the plaintiff "failed to sufficiently establish that [the defendant] engaged in the type of purposeful availment that supports a finding of minimum contacts with Texas." *Id.* at 594. *See also Jarzynka v. St. Thomas Univ. Sch. of Law*, 323 F. Supp. 2d 660, 663-64 (W.D. Pa. 2004) (finding that the following contacts were not enough for specific jurisdiction: the law school mailed letters to the plaintiff, the law school made an application available to the plaintiff, the law school invited the plaintiff to visit its campus, the law school offered the plaintiff a full scholarship, and the law school sent the plaintiff correspondence regarding financial aid and housing); *Rodi v. S. New Eng. Sch. of Law*, 255 F. Supp. 2d 346, 350 (D.N.J. 2003) (holding that a form letter and an acceptance letter from the defendant law school were insufficient to establish minimum contacts); *Hardnett v. Duquesne Univ.*, 897 F. Supp. 920, 923-24 (D. Md. 1995) (explaining that the exchange of correspondence between the plaintiff and the defendant

university is not a proper basis for exercising specific jurisdiction); *Cassell v. Loyola Univ.*, 294 F. Supp. 622, 623 (E.D. Tenn. 1968) (stating that "[t]raditional notions of fair play and substantial justice prevent the Court from holding that a non-profit educational institution renders itself subject to service of process in every state of the union from which it may seek or attract outstanding athletes and scholars").

Courts in certain circumstances have exercised specific jurisdiction over defendant colleges and universities. For example, in *Hahn v. Vermont Law School*, 698 F.2d 48 (1st Cir. 1983), the United States Court of Appeals for the First Circuit determined that the defendant law school had sufficient contacts for the court to exercise specific jurisdiction. *Id.* at 51. The court based its conclusion upon the fact that the defendant had mailed the plaintiff application information and an acceptance letter. *Id.* The court also determined that the defendant had actively directed its recruiting activities at Massachusetts, the forum state, and that ten percent of the defendant law school's first year class came from Massachusetts. *Id.* at 52. Thus, the law school's recruitment of the plaintiff was not an isolated incident but was part of a recruitment effort targeted at the forum. *Id. See also Davis v. Baylor Univ.*, 976 S.W.2d 5, 13 (Mo. Ct. App. 1998).

The Court concludes that Harvard, Miami, and Stanford's contacts with Plaintiff do not evidence a purposeful availment of the forum state. None of the contacts cited by Plaintiff in his complaint evidence that these law schools reached out to the forum state in such a manner that they could anticipate "being haled into court" in Texas. *World-Wide Volkswagen Corp.*, 444 U.S. at 297. Nor does Plaintiff indicate that any of these law schools targeted him as part of a widespread recruitment effort, similar to the recruitment effort in *Hahn*, 698 F.2d 48. The law schools' contacts with Plaintiff appear to be merely responsive to Plaintiff's applications and inquiries. Accordingly, the Court concludes that the District Court cannot exercise specific jurisdiction over Harvard,

5

Miami, and Stanford.

## II. **General Jurisdiction**

In order for the Court to have general jurisdiction, Miami, Harvard, and Stanford's contacts with Texas must have been "continuous and systematic." *Helicopteros*, 466 U.S. at 414-16; *Religious Tech. Ctr.*, 339 F.3d at 374. The Supreme Court has not defined how many contacts are necessary to qualify as "continuous and systematic." Instead, courts must examine the quality and nature of the general contacts on a case-by-case basis. *Helicopteros*, 466 U.S. at 416.

In this case, Harvard, Miami, and Stanford have each indicated that their contacts with Texas are limited to contact with their alumni bases, student recruitment, non-conference sporting events, and their web sites. (*See Harvard's Mot.* at 4; *Miami's Mot.* at 6; *Stanford's Mot.* at 4.) Plaintiff bears the burden of establishing the contacts upon which jurisdiction is predicated, and Plaintiff has not identified any further contacts than those identified by Harvard, Miami, and Stanford. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). Harvard, Miami, and Stanford are not located in Texas, nor are they licensed to do business in Texas. (*Miami's Mot.* at 6; *Stanford's Mot.* at 4.)

The United States Court of Appeals for the Fifth Circuit has previously addressed whether an out-of-state university's website constitutes a "contact" for purposes of general jurisdiction analysis. In *Revell v. Lidov*, 317 F.3d 467, the Fifth Circuit examined whether Columbia University's web site, which was interactive, could serve as a basis for general jurisdiction. *Id.* at 470. The court concluded that, although "the maintenance of a web site is, in a sense, a continuous presence everywhere in the world," a web site is not a substantial enough contact to meet the high burden of "continuous and systematic" contacts required for general jurisdiction. *Id.* at 471. The court stated that, via its web site, Columbia was "doing business *with* Texas," rather than "doing

6

business *in* Texas." *Id.* (emphasis in original). *See also Khalil*, 391 F. Supp. 2d at 593 (concluding that an out-of-state college's web site was an insufficient basis for general jurisdiction). Similarly, the Court finds that Harvard, Miami, and Stanford's web sites are insufficient to establish "continuous and systematic" contacts.

The Fifth Circuit has not specifically addressed whether a federal court can exercise general jurisdiction over a university when the university's only contacts with the forum are recruitment activities, alumni contacts, and limited sporting events. The courts that have addressed this issue have declined to exercise general jurisdiction in similar circumstances. *See, e.g., Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 541-42 (3d Cir. 1985) (holding that advertisement and newspaper circulation in the forum state did not support a finding of general jurisdiction); *Gallant v. Trustees of Columbia Univ.*, 111 F. Supp. 2d 638, 641 (E.D. Pa. 2000) (finding that advertising in national newspapers, sending school representatives to the forum state, and having an agreement with a college in the forum state did not constitute "continuous and substantial" contacts); *Park v. Oxford Univ.*, 35 F. Supp. 2d 1165, 1167-68 (N.D. Cal. 1997) (concluding that purchasing academic materials from companies in the forum state and soliciting money from the forum state are an inadequate basis for general jurisdiction); *Hardnett*, 897 F. Supp. at 923; *Cassell*, 294 F. Supp. at 624.

In *Scherer v. Curators of the University of Missouri*, 152 F. Supp. 2d 1278 (D. Kan. 2001), the United States District Court for the District of Kansas examined whether the court could exercise general jurisdiction over a Missouri law school. In determining that the law school's contacts with Kansas were insufficient for general jurisdiction, the court stated that "other courts analyzing analogous cases have held that an out-of-state school is not subject to general jurisdiction simply because it may draw students from the forum state, receive revenue from the forum state through

tuition or fund-raising activities, or have contacts with alumnae in the forum state." *Id.* at 1283.

The Court similarly concludes that Harvard, Miami, and Stanford's contacts with Texas do not constitute "continuous and systematic" contacts, and thus the Court cannot exercise general jurisdiction over these Defendants. The touchstone of personal jurisdiction is whether the defendant's contacts with the forum state indicate that he or she "has purposefully directed" his or her activities towards the state. *Burger King Corp.*, 471 U.S. at 472-73. The Court is not convinced that Harvard, Miami, and Stanford's recruitment and alumni activities, limited sporting events, and maintenance of their web sites illustrate that they were purposefully directing their activities towards Texas. The Court, therefore, concludes that the District Court cannot exercise general jurisdiction over these Defendants.

## CONCLUSION

The Court concludes that Harvard, Miami, and Stanford do not have sufficient contacts with Texas for the District Court to exercise either specific or general jurisdiction over them.

## RECOMMENDATION

The Court recommends that the District Court **GRANT** Harvard, Miami, and Stanford's motions to dismiss and dismiss Plaintiff's claims against them with prejudice for lack of personal jurisdiction.

Signed this 2nd day of June, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE