IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERIC GANT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:05-CV-1455-K |
| § | |
| SOUTHERN METHODIST UNIVERSITY § | |
| SCHOOL OF LAW, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Order of Reference, entered March 1, 2006, this case has been referred to the United States Magistrate Judge for pretrial management. The following motions are before the Court: (1) Defendant St. Mary's University School of Law's ("St. Mary's") Motion to Dismiss, filed October 24, 2005; (2) Defendant Southern Methodist University's ("SMU") Motion to Dismiss, filed October 24, 2005; and (3) Defendant South Texas College of Law's ("South Texas") Motion to Dismiss and Motion for Partial Summary Judgment, filed November 30, 2005. Plaintiff Eric Gant ("Plaintiff") did not file responses to these motions. For the reasons stated below, the Court recommends that the District Court **GRANT** the above motions to dismiss for failure to state a claim upon which relief can be granted.[1]

**BACKGROUND**

Plaintiff initiated this lawsuit on July 22, 2005, against St. Mary's, SMU, South Texas, University of Miami School of Law, Harvard Law School, University of Houston Law Center, and

---

[1] The Court does not address South Texas' Motion for Partial Summary Judgment in this report.

Stanford University Law School (collectively "Defendants"). Plaintiff alleges the following causes of action against Defendants: (1) disparate impact racial discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and 34 C.F.R. § 100.3(b)(2); (2) disparate treatment racial discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and 34 C.F.R. § 100.3(b)(1)(v); (3) denial of equal protection pursuant to 42 U.S.C. § 1983; (4) breach of due process pursuant to 42 U.S.C. § 1983; (5) racial discrimination pursuant to 42 U.S.C. § 1983, "§ 601 Title VI", and 42 U.S.C. § 2000d; and (6) civil conspiracy pursuant to 42 U.S.C. § 1983.[2] (*See Pl.'s Compl.* at 15, 17, 20, 22, 24.)  All of Plaintiff's claims stem from Defendants denying Plaintiff admission into their respective law schools.

On April 1, 2005, Plaintiff states that he received a letter from the Assistant Dean and Director of Admissions at SMU denying his application for admission into the SMU Dedman School of Law.  (*Pl.'s Compl.* at 9.)  This is the sole interaction with SMU cited by Plaintiff.

On April 21, 2005, Plaintiff states that he received a letter from the Assistant Dean of Admissions at South Texas notifying him that the College of Law was deactivating his file because it was incomplete and that their fall law school class was closed. (*Id.* at 10.)  On June 6, 2005, Plaintiff states that he spoke with the Assistant Dean of Admissions' assistant, who told Plaintiff that his application was incomplete because of a denial of a fee waiver. (*Id.*)  She also told Plaintiff that they sent him an email notification about the denial, but Plaintiff claims he never received the notification. (*Id.*)

---

[2]In the "Table of Authority" at the beginning of Plaintiff's complaint, he also lists various other provisions, such as Title IX of the Education Amendments of 1972, but he does not mention these various provisions within the text of his complaint when he specifically lists his causes of action. (*See Pl.'s Compl.* at 3.)  The Court only addresses the claims that Plaintiff specifically includes in Counts I, II, III, IV, V, and VI of his complaint.

On March 1, 2005, Plaintiff states that he received a letter from the Assistant Dean and Director of Admissions at St. Mary's informing him that his application for admission into the law school was denied. (*Id.*) On March 22, 2005, Plaintiff wrote St. Mary's a letter requesting "a specific reason as to why [he] was denied and not placed on [the] waiting list." (*Id.*) He received a reply letter indicating that "no factor alone is ever the only basis of an admissions decision" and that, due to the large number of applicants and small number of available places, Plaintiff's application was not as competitive as those accepted. (*Id.* at 10-11.) The letter also stated that St. Mary's has a Summer Skills Enhancement Program for which the Admissions Committee did not recommend Plaintiff. (*Id.* at 11.) Plaintiff then wrote another letter to St. Mary's asking "Is there any harm in implementing a waiting list (for a small or large program)?" (*Id.*) Plaintiff received a reply letter stating that St. Mary's does have a waiting list but that Plaintiff was not placed upon that list. (*Id.*)

## **STANDARD OF REVIEW**

When considering a motion to dismiss, the Court accepts as true the factual allegations plead by the non-moving party and any reasonable inferences that the Court can draw from the factual allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988). Courts should not grant a motion to dismiss unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*

*v. Gibson*, 355 U.S. 41, 45-46 (1957).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## DISCUSSION

Because Defendants advance substantially the same arguments in each of their briefs, the Court addresses their motions to dismiss jointly.

### I. Plaintiff's § 1983 Claims

The Court first turns to Plaintiff's civil rights claims. Plaintiff alleges four claims pursuant to § 1983 - denial of equal protection, breach of due process, racial discrimination, and civil conspiracy. (*See Pl.'s Compl.* at 17, 20, 22, 24.)

Section 1983 provides redress for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," by someone who is acting under the color of state law. 42 U.S.C. § 1983. Section 1983 does not create substantive rights but provides a remedy for deprivations of existing rights. *Wilson v. Garcia*, 471 U.S. 261, 278 (1985). To recover under this section, a plaintiff must prove two elements: (1) an individual acting under the color of state law committed the alleged deprivation and (2) the individual deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Section 1983 generally does not provide relief for deprivations caused by private individuals or entities. *See West v. Atkins*, 487 U.S. 42, 49 (1988) (stating that "[t]o constitute a state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor'") (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)). Private individuals can be held liable under § 1983 only in limited circumstances. For example, if private individuals conspire with government officers, the private individuals may be deemed to have acted under the color of state law. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (holding that the plaintiff could bring a § 1983 action against defendant, a private restaurant, if she could prove that the restaurant refused her service due to a state-enforced custom of segregation). Private individuals can also be liable under § 1983 if they perform functions "traditionally exclusively reserved to the State." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). *See, e.g., Marsh v. Alabama*, 326 U.S. 501 (1946).

St. Mary's, SMU, and South Texas are all private entities. *See Gonzalez v. S. Methodist Univ.*, 536 F.2d 1071, 1072 (5th Cir. 1976) (affirming District Court's dismissal of a § 1983 claim against SMU because "Section 1983 does not provide a remedy for private acts of racial discrimination"); *S. Tex. Coll. of Law v. Tex. Higher Educ. Coordinating Bd.*, 40 S.W.3d 130, 132 (Tex. App. –Austin 2000) (categorizing South Texas as a private institution). As such, they are not subject to § 1983 liability, unless one of the above exceptions applies.

Plaintiff does not allege that St. Mary's, SMU, and South Texas are private entities performing functions "traditionally exclusively reserved to the State." *Jackson*, 419 U.S. at 352. *See Evans v. Newton*, 382 U.S. 296, 300 (1966) (explaining that "[t]he range of governmental

activities is broad and varied, and the fact that the government has engaged in a particular activity does not necessarily mean that an individual entrepreneur or manager of the same kind of undertaking suffers the same constitutional inhibitions"); *Krohn v. Harvard Law Sch.*, 552 F.2d 21, 24 (1st Cir. 1977) (stating that "the mere offering of an education, regulated by the State, does not imbue defendant's activities with sufficient public interest to render defendant's activities governmental in nature").

In Count VI of his complaint, Plaintiff does allege that all Defendants conspired to deny Plaintiff's applications for admission. (*Pl.'s Compl.* at 24.) Since not all Defendants are private entities, the Court could find that St. Mary's, SMU, and South Texas were acting under the color of state law if they conspired with state entities. *See Adickes*, 398 U.S. at 152. However, Plaintiff offers no facts in support of his conspiracy allegation, and "mere conclusory allegations" are insufficient to survive a motion to dismiss. *Guidry*, 954 F.2d at 281. The Court, therefore, concludes that St. Mary's, SMU, and South Texas are all private entities and thus were not acting under the color of state law for purposes of § 1983. The Court recommends that the District Court dismiss Plaintiff's § 1983 claims against St. Mary's, SMU, and South Texas.

## II. Title VI Claims

Plaintiff's remaining claims are contained in Counts I, II, and V of his complaint. (*See Pl.'s Compl.* at 15, 17, 22.) St. Mary's, South Texas, and SMU only seek dismissal of the Title VI claim contained in Count I and Count II of Plaintiff's complaint, not Plaintiff's Title VI claims contained in Count V. Plaintiff's first claims, contained in Count I and Count II of his complaint, are for disparate impact and disparate treatment racial discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and 34 C.F.R. §§ 100.3(b)(2) and (b)(1)(v). (*See id.* at 15,

17.) Section 601 of Title VI provides that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. 34 C.F.R. §§ 100.3(b)(2) and (b)(1)(v) are regulations implementing Title VI.

Plaintiff lists Title VI in the title of Count I, but he only references the regulations promulgated under Title VI in the substance of that count. (*See Pl.'s Compl.* at 15-16.) The title of Count II of Plaintiff's complaint states that Plaintiff alleges disparate treatment under Title VI, but the substance of that count only alleges intentional discrimination. (*See id.* at 17.) These facts, coupled with the fact that Title VI only provides private relief for intentional discrimination, not for disparate impact or disparate treatment, lead the Court to construe Counts I and II of Plaintiff's complaint as seeking relief for disparate impact and disparate treatment under the listed regulations promulgated under Title VI, rather than under Title VI itself. *See Alexander v. Sandoval*, 532 U.S. 275, 281 (2001) (stating that "it is . . . beyond dispute . . . that § 601 prohibits only intentional discrimination" and that "regulations promulgated under § 602 of Title VI may validly proscribe activities that have a disparate impact on racial groups, even though such activities are permissible under § 601"). The Court construes Count V of Plaintiff's complaint to allege intentional race discrimination in violation of Title VI. (*See Pl.'s Compl.* at 22-23.)

Section 602 of Title VI authorizes Federal agencies to enact regulations for the purpose of achieving the objectives of Title VI. 42 U.S.C. § 2000d-1. 34 C.F.R. § 100.3(b)(2) and (b)(1)(v) are those types of regulations. In *Alexander v. Sandoval*, 532 U.S. 275, the United States Supreme Court held that "[n]either as originally enacted nor as later amended does Title VI display an intent to create a freestanding private right of action to enforce regulations promulgated under § 602." *Id.*

7

at 293. The Court, therefore, finds that Plaintiff cannot state a claim under 34 C.F.R. §§ 100.3(b)(2) and (b)(1)(v) because no private right of action exists to enforce these regulations. *See Weser v. Glen*, 190 F. Supp. 2d 384, 394 (E.D.N.Y. 2002) (applying the holding in *Sandoval*, 532 U.S. 275, to dismiss the plaintiff's disparate impact racial discrimination claim against the defendant law school initiated pursuant to Title VI regulations). The Court recommends that the District Court dismiss Plaintiff's claims pursuant to 34 C.F.R. §§ 100.3(b)(2) and (b)(1)(v), which are contained in Count I and Count II of his complaint. (*See Pl.'s Compl.* at 15, 17.)

If the District Court accepts the Court's recommendation, the only claim remaining against St. Mary's, South Texas, and SMU is Plaintiff's claim of intentional discrimination in violation of Title VI, listed in Count V of Plaintiff's complaint. (*See Pl.'s Compl.* at 22-23.) South Texas addresses this claim in its Partial Motion for Summary Judgment, which the Court will address in a separate report.

## CONCLUSIONS

The Court concludes that Plaintiff cannot sue St. Mary's, South Texas, and SMU pursuant to § 1983 because these Defendants are not state actors. The Court also concludes that Plaintiff cannot sue St. Mary's, South Texas, and SMU pursuant to 34 C.F.R. §§ 100.3(b)(2) and (b)(1)(v) because no private right of action exists under these regulations.

## RECOMMENDATION

The Court recommends that the District Court grant St. Mary's, South Texas, and SMU's motion to dismiss and dismiss Plaintiff's § 1983 claims and claims pursuant to 34 C.F.R. §§ 100.3(b)(2) and (b)(1)(v) with prejudice. This would result in the dismissal of all Plaintiff's claims against St. Mary's, South Texas, and SMU that are contained in Counts I, II, III, IV, and VI in

Plaintiff's complaint, and only the claim contained in Count V would remain against these Defendants.

Signed this 6th day of 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE