IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC GANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1455-K |
| | § | |
| SOUTHERN METHODIST UNIVERSITY | § | |
| SCHOOL OF LAW, et al., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant South Texas College of Law's ("South Texas") Partial Motion for Summary Judgment, filed as part of its Motion to Dismiss on November 30, 2005. (*See Def.'s Mot.* at 10-15.) The Court previously entered its Findings, Conclusions, and Recommendation on South Texas' Motion to Dismiss, recommending that the District Court dismiss all of Plaintiff's claims contained in Count I, Count II, Count III, Count IV, and Count VI of his complaint (*see Pl.'s Compl.* at 15, 17, 20, 24.) Plaintiff's only remaining claim against South Texas is his Title VI intentional discrimination claim contained in Count V of his complaint. (*See Pl.'s Compl.* at 22-23.) South Texas seeks summary judgment on this claim. For the reasons stated below, the Court recommends that the District Court **GRANT** South Texas' Partial Motion for Summary Judgment.

## BACKGROUND

Plaintiff initiated this lawsuit on July 22, 2005, against Southern Methodist University School of Law, University of Houston Law Center, South Texas, St. Mary's University School of Law, Harvard Law School, Stanford University Law School, and University of Miami School of Law (collectively "Defendants"). All of Plaintiff's claims stem from Defendants denying his law

school applications. The claim at issue is Plaintiff's intentional discrimination claim in violation of Title VI, 42 U.S.C. § 2000d, which is contained in Count V of Plaintiff's complaint. (*See Pl.'s Compl.* at 22.)

The following are the facts Plaintiff alleges in his complaint that pertain to his application to South Texas. On April 21, 2005, Plaintiff states that he received a letter from the Assistant Dean of Admissions at South Texas notifying him that the College of Law was deactivating his file because it was incomplete and that their fall law school class was closed. (*Id.* at 10.) On June 6, 2005, Plaintiff states that he spoke with the Assistant Dean of Admissions' assistant, who told Plaintiff that his application was incomplete because of a denial of a fee waiver. (*Id.*) She also told Plaintiff that they sent him an email notification about the denial, but Plaintiff claims he never received the notification. (*Id.*)

In its Partial Motion for Summary Judgment and supporting affidavits, South Texas alleges the following facts. Plaintiff applied to South Texas, seeking admission for the Fall of 2005. (*Def.'s App. 2* at ¶ 6; *App. 21*, *22*.) Plaintiff did not pay the required fee, and thus South Texas initially rejected his application as incomplete. (*Def.'s App. 2* at ¶ 7) South Texas did not consider the merits of his application at that time. (*Id.*) After Plaintiff protested this initial rejection, South Texas waived the application fee. (*Id.*) South Texas' admissions committee considered Plaintiff's application, and not a single committee member voted to admit Plaintiff. (*Id.* at ¶ 8.)

South Texas states that Plaintiff's application evidences that Plaintiff's Law School Admission Test (LSAT) score was in the bottom two percent of everyone who took the LSAT. (*Id.* at ¶ 9; *App. 36*.) Plaintiff's undergraduate grade point average was 2.43. (*Def.'s App. 3* at ¶ 11; *App. 36*, *38-40*.) South Texas indicates that, for the Fall class of 2005, South Texas did not admit

an applicant of any race with a LSAT score and grade point average similar to Plaintiff's.  (*Def.'s App.* at ¶ 9.)

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  A "material fact" is one that "might affect" the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001).  A "genuine" issue is "real and substantial, as opposed to merely formal, pretended, or a sham."  *Bazan*, 246 F.3d at 489.  Accordingly, a genuine issue of material fact is present if the jury could potentially find for the non-moving party.  *Anderson*, 477 U.S. at 248; *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001).

Once a party has made a proper motion for summary judgment, the court reviews the record as a whole in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co, Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).  The moving party bears the burden of establishing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).  The Court has an obligation to

3

construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## **DISCUSSION**

The sole issue South Texas raises in its Partial Motion for Summary Judgment is whether South Texas is entitled to summary judgment on Plaintiff's intentional discrimination claim pursuant to Title VI. (*See Def.'s Mot.* at 12.) Section 601 of Title VI provides that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "[P]rivate individuals may sue to enforce § 601 of Title VI and may obtain both injunctive relief and damages." *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).

"The Court's inquiry into intentional race discrimination is essentially the same for individual actions brought under . . . Title VI and Title VII." *Baldwin v. Univ. of Tex. Med. Branch*, 945 F. Supp. 1022, 1031 (S.D. Tex. 1996). Courts in the Fifth Circuit apply the burden-shifting analysis articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), to determine whether intentional discrimination is present. *Williams v. Galveston Indep. Sch. Dist.*, 256 F. Supp. 2d 668, 671 (S.D. Tex. 2003). *See, e.g., Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996); *Johnson v. Chapel Hill Indep. Sch. Dist.*, 853 F.2d 375, 381 (5th Cir. 1988). Under this analytical framework, the Court will examine three different requirements. First, the plaintiff has the burden of establishing a *prima facie* case of racial discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802; *see also Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).

Second, if the plaintiff establishes a *prima facie* case of racial discrimination, the Court presumes discrimination is present, and the defendant has the burden of rebutting this presumption by articulating a legitimate, nondiscriminatory reason for the alleged discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802-03; *Russell*, 235 F.3d at 222; *Olitsky v. Spencer Gifts, Inc.*, 964 F.2d 1471, 1478 n.19 (5th Cir. 1992). Third, the burden shifts back to the plaintiff to produce evidence that the defendant's proffered explanation is "mere pretext for unlawful discrimination." *Williams*, 256 F. Supp. 2d at 672; *see also McDonnell Douglas Corp.*, 411 U.S. at 804-05.

The Court turns to the first step of analysis under the *McDonnell Douglas* framework, which is whether Plaintiff has established a *prima facie* case of intentional race discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802. To establish a *prima facie* case, Plaintiff must demonstrate the following three requirements: (1) Plaintiff belongs to a racial minority; (2) Plaintiff applied and was qualified for admission into South Texas' law school; (3) Plaintiff was rejected despite his qualifications; and (4) after Plaintiff's rejection, other candidates with similar qualifications were admitted. *Id.* at 802; *see also Uviedo v. Steves Sash & Door Co.*, 738 F.2d 1425, 1431 (5th Cir. 1984). The Court concludes that Plaintiff has not even met his minimal burden of establishing a *prima facie* case of racial discrimination. Although Plaintiff does meet the first requirement since he does state that he is a racial minority (*see Pl.'s Compl.* at 4), Plaintiff does not even attempt to establish that he was qualified for admission. In Plaintiff's complaint, he does not state his undergraduate grade point average or his LSAT score, which are the undisputed minimum gauges for law school admission. Plaintiff merely states that he was qualified for admission, but he does not articulate why he was qualified. (*See id.* at 4.) Thus, the Court concludes that Plaintiff has not established a *prima facie* case of intentional racial discrimination.

5

Even presuming racial discrimination, the Court concludes that South Texas has adequately rebutted any presumption of discrimination by articulating a legitimate, nondiscriminatory reason for denying Plaintiff's application for admission, under the second step of the *McDonnell Douglas* analysis. *McDonnell Douglas Corp.*, 411 U.S. at 802-03. South Texas states that Plaintiff's LSAT score was in the bottom two percentile and that his undergraduate grade point average was 2.43 (*Def.'s Mot.* at 11), and South Texas provides supporting affidavits for these statements. (*See Def.'s App. 2* at ¶ 9; *App. 36*; *App. 3* at ¶ 11; *App. 38-40*.) South Texas indicates that Plaintiff's grade point average and LSAT score did not meet South Texas' admission standards. (*Def.'s Mot.* at 13.) Plaintiff has offered no contradictory factual assertions illustrating that he was qualified, nor has Plaintiff countered South Texas' nondiscriminatory reason for denying his application. Thus, the Court concludes that South Texas has met its burden of articulating a legitimate, nondiscriminatory reason for denying Plaintiff's application for admission and that Plaintiff has not illustrated that South Texas' reason was mere pretext for racial discrimination. The Court, therefore, finds that no genuine issue of material fact is present and that South Texas is entitled to judgment as a matter of law on Plaintiff's Title VI intentional discrimination claim.

## CONCLUSION

The Court finds that no genuine issue of material fact is present and that South Texas is entitled to judgment as a matter of law on Plaintiff's Title VI intentional discrimination claim, contained in Count V of his complaint.

## RECOMMENDATION

The Court recommends that the District Court grant South Texas' Partial Motion for Summary Judgment and dismiss Count V of Plaintiff's complaint with prejudice.

Signed this 6th day of June, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE