IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC GANT, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1455-K |
| | § | |
| SOUTHERN METHODIST UNIVERSITY | § | |
| SCHOOL OF LAW, et al., | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Southern Methodist University's ("SMU") Motion for Summary Judgment, filed July 27, 2006. Plaintiff, Eric Gant ("Plaintiff") did not file a response. The Court previously entered its Findings, Conclusions, and Recommendation on SMU's Motion to Dismiss, recommending that the District Court dismiss all of Plaintiff's claims contained in Count I, Count II, Count III, Count IV, and Count VI of his complaint. (*See Pl.'s Compl.* at 15, 17, 20, 24.) The District Court adopted the Court's Findings, Conclusions, and Recommendation. Thus, Plaintiff's only remaining claim against SMU is his Title VI intentional discrimination claim contained in Count V of his complaint. (*See Pl.'s Compl.* at 22-23.) SMU seeks summary judgment on this claim. For the reasons stated below, the Court recommends that the District Court **GRANT** SMU's Motion for Summary Judgment.

## BACKGROUND

Plaintiff initiated this lawsuit on July 22, 2005, against SMU School of Law, University of Houston Law Center, South Texas Law School, St. Mary's University School of Law, Harvard Law School, Stanford University Law School, and University of Miami School of Law (collectively

"Defendants"). All of Plaintiff's claims stem from Defendants denying his law school applications. The claim at issue is Plaintiff's intentional discrimination claim in violation of Title VI, 42 U.S.C. § 2000d, which is contained in Count V of Plaintiff's complaint. (*See Pl.'s Compl.* at 22.)

The only fact pertaining to SMU that Plaintiff states in his complaint is that the Assistant Dean and Director of Admissions of SMU, Virginia Keehan ("Keehan"), wrote Plaintiff a letter on April 1, 2005, denying his application for admission into the SMU Dedman School of Law. (*Pl.'s Compl.* at 9.) SMU states that SMU did not admit Plaintiff "solely because his academic qualifications were not acceptable." (*Def.'s Br.* at 3.) In support of this contention, SMU submits the affidavit of Keehan, who states that in 2005, which is the year Plaintiff sought admission, the lowest LSAT score of a student admitted to the Dedman School of Law was 146. (*Def.'s App.* at 1, ¶ 3.) Plaintiff's score was 130, which was in the bottom 2% of all LSAT scores nationally in 2005. (*Id.* at 2, ¶ 5.) SMU states that race was not a factor that SMU considered when denying Plaintiff's application. (*Id.* at 2, ¶ 7.) SMU argues that Plaintiff has not raised a genuine issue of material fact and that SMU is entitled to judgment as a matter of law. (*Def.'s Br.* at 3-4.)

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A "material fact" is one that "might affect" the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). A "genuine" issue is "real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489.

Accordingly, a genuine issue of material fact is present if the jury could potentially find for the non-moving party. *Anderson*, 477 U.S. at 248; *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001).

Once a party has made a proper motion for summary judgment, the Court reviews the record as a whole in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996). The moving party bears the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).

## DISCUSSION

The sole issue SMU raises in its Motion for Summary Judgment is whether SMU is entitled to summary judgment on Plaintiff's intentional discrimination claim pursuant to Title VI. (*See Def.'s Br.* at 3-4.) Section 601 of Title VI provides that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "[P]rivate individuals may sue to enforce § 601 of Title VI and may obtain both injunctive relief and damages." *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).

"The Court's inquiry into intentional race discrimination is essentially the same for individual actions brought under . . . Title VI and Title VII." *Baldwin v. Univ. of Tex.*, 945 F. Supp. 1022, 1031 (S.D. Tex. 1996). Courts in the Fifth Circuit apply the burden-shifting analysis articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), to determine whether intentional discrimination is present. *Williams v. Galveston Indep. Sch. Dist.*, 256 F. Supp.

2d 668, 671 (S.D. Tex. 2003). *See, e.g., Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996); *Johnson v. Chapel Hill Indep. Sch. Dist.*, 853 F.2d 375, 381 (5th Cir. 1988). Under this analytical framework, the Court will examine three different requirements. First, the plaintiff has the burden of establishing a *prima facie* case of racial discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802; *see also Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). Second, if the plaintiff establishes a *prima facie* case of racial discrimination, the Court presumes discrimination is present, and the defendant has the burden of rebutting this presumption by articulating a legitimate, nondiscriminatory reason for the alleged discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802-03; *Russell*, 235 F.3d at 222; *Olitsky v. Spencer Gifts, Inc.*, 964 F.2d 1471, 1478 n.19 (5th Cir. 1992). Third, the burden shifts back to the plaintiff to produce evidence that the defendant's proffered explanation is "mere pretext for unlawful discrimination." *Williams*, 256 F. Supp. 2d at 672; *see also McDonnell Douglas Corp.*, 411 U.S. at 804-05.

The Court turns to the first step of analysis under the *McDonnell Douglas* framework, which is whether Plaintiff has established a *prima facie* case of intentional race discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802. To establish a *prima facie* case, Plaintiff must demonstrate the following three requirements: (1) Plaintiff belongs to a racial minority; (2) Plaintiff applied and was qualified for admission into the SMU Dedman School of Law; (3) Plaintiff was rejected despite his qualifications; and (4) after Plaintiff's rejection, other candidates with similar qualifications were admitted. *Id.* at 802; *see also Uviedo v. Steves Sash & Door Co.*, 738 F.2d 1425, 1431 (5th Cir. 1984).

The Court concludes that Plaintiff has not even met his minimal burden of establishing a *prima facie* case of racial discrimination. Although Plaintiff does meet the first requirement of a

*prima facie* case by stating that he is a racial minority (*see Pl.'s Compl.* at 4), Plaintiff does not even attempt to establish that he was qualified for admission.  In Plaintiff's complaint, he does not state his undergraduate grade point average or his LSAT score, which are the undisputed minimum gauges for law school admission.  Plaintiff merely states that he was qualified for admission, but he does not articulate why he was qualified.  (*See id.* at 4.)  Thus, the Court concludes that Plaintiff has not established a *prima facie* case of intentional racial discrimination.

Even presuming racial discrimination, the Court concludes that SMU has adequately rebutted any presumption of discrimination by articulating a legitimate, nondiscriminatory reason for denying Plaintiff's application for admission, under the second step of the *McDonnell Douglas* framework. *McDonnell Douglas Corp.*, 411 U.S. at 802-03.  SMU states that Plaintiff's LSAT score was in the bottom two percentile.  (*Def.'s App.* at 2, ¶ 5.)  SMU states that Plaintiff's LSAT score did not qualify Plaintiff for admission.  (*Id.* at 2, ¶ 6.)  Plaintiff has offered no contradictory factual assertions illustrating that he was qualified, nor has Plaintiff countered SMU's nondiscriminatory reason for denying his application.  Thus, the Court concludes that SMU has met its burden of articulating a legitimate, nondiscriminatory reason for denying Plaintiff's application for admission and that Plaintiff has not illustrated that SMU's reason was mere pretext for racial discrimination. The Court, therefore, finds that no genuine issue of material fact is present and that SMU is entitled to judgment as a matter of law on Plaintiff's Title VI intentional discrimination claim.

## CONCLUSION

The Court finds that no genuine issue of material fact is present and that SMU is entitled to judgment as a matter of law on Plaintiff's Title VI intentional discrimination claim, contained in Count V of his complaint.

## RECOMMENDATION

The Court recommends that the District Court grant SMU's Motion for Summary Judgment

and dismiss Count V of Plaintiff's complaint with prejudice.

Signed this 24th day of August, 2006.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.   *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).