**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ERIC GANT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:05-CV-1455-K** |
| | § | **ECF** |
| **SOUTHERN METHODIST UNIVERSITY,** | § | |
| **et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Standing Order of Reference (doc. 49), this case has been referred to the United States Magistrate Judge for pretrial management. On October 31, 2005 and August 28, 2006, the Fifth Circuit issued orders precluding Plaintiff from any further filings until he pays his sanctions issued by the Fifth Circuit for filing frivolous appeals. *Gant v. Lockheed Martin Corp.*, No. 04-10915 (5th Cir. October 31, 2005) (unpublished); *Gant v. Nicholson*, No. 05-11115 (5th Cir. August 28, 2006) (unpublished). All courts within the Fifth Circuit were directed to refuse any further filings from Plaintiff until he shows proof that he has satisfied the sanctions. *Id*.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or comply with any court order. *See Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d

399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).  Plaintiff has not

shown that he has paid any of the sanctions issued by the Fifth Circuit and has been precluded from

making filings with the District Court.  This Court recommends that the District Court dismiss this

action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  *See Boudwin*, 756 F.2d

at 401 ("Dismissals with prejudice  are 'reserved for the most egregious of cases . . . .'") (quoting

*Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir. 1982); citing *Jone v. Caddo Parish Sch. Bd.*, 704 F.2d

206 (5th Cir. 1983)).

      **SO RECOMMENDED** this 18th day of October, 2006.

 

 

                                                  PAUL D. STICKNEY
                                                  UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.   *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).